# CIRCUIT COURT OF THE CITY OF NORFOLK

BWT Management, Inc.,
t/a Tune-Up Plus

v.

Michael Gayle

September 30, 1997

Case No. (Law) L96-4601

BY JUDGE MARC JACOBSON

Judgment by default was entered against the Defendant Michael Gayle (Defendant) on February 20, 1997, and the question and issue of damages was reserved at that time.

The Plaintiff BWT Management, Inc., t/a Tune-Up Plus (Plaintiff) subsequently presented evidence relative to its claim for damages and the Court has considered same.

Among the elements of damages claimed by the Plaintiff was an alleged loss of profits from the loss of the use of Kelly Tire Company Card (Card) for its customers, which the Plaintiff attributes to the conduct and actions of the Defendant. In attempting to establish the loss of profits the Plaintiff presented evidence relative to its sales for the calendar years 1994 and 1995 when the Card was not available for its customers and calendar years 1996 and 1997 when the Card was available for its customers. The evidence presented by the Plaintiff would indicate that the Plaintiff's sales for the calendar years 1996 and 1997 when the Card was available increased dollarwise as compared to calendar years 1994 and 1995 when the Card was not available. However, it is interesting to note that for the time period 1994 to 1995 there was a 27% increase in sales when the Card was not available and for the time period 1995 to 1996 there was a 3% increase in sales and for the time period from 1996 to 1997 there was a 7% increase in sales.

The sales figures for years 1994 through 1997 do not satisfy the minimum requirement that loss of profits must be shown with reasonable certainty. Even assuming, for the sake of argument, that the increases in sales for years 1996 and 1997 were the direct result of the reinstatement of the Card, no evidence has been presented that the profit margin of the Plaintiff remained constant throughout this time or that any profit was made at all in the four years.

Where a party merely estimates expenses and presents the total costs, any claim for lost profits is speculative. *ADC Fairways Corp. v. Johnmark Constr., Inc.*, 231 Va. 312, 318 (1986). Only where such estimates are based upon and supported by underlying revenue and cost records will a claim for lost profits based on the sale or total contract price be considered for the purposes of recovery. In the instant action, plaintiff does not attempt to estimate the cost of generating the sales data, and the court would be required to pick an arbitrary number and award damages for an alleged loss of profits from a decline in sales which said decline has been discussed above relative to dollar figures and percentage figures.

The Plaintiff's evidence of lost profits is speculative at best, and Plaintiff has not shown to the satisfaction of the Court that loss of sales was more likely than not caused by the actions of the Defendant.

The Court does find that the Plaintiff has established by the evidence damages of $89,127.76 for actual monies paid to Kelly Tire Company Card as a result of the actions of the Defendant and $17,064.65 for commissions actually paid to the Defendant.